UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 05-68-JBC**

**UNITED STATES OF AMERICA,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**GLENDRICK HARRIS GARDNER** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Report and Recommendation ("R & R") of United States Magistrate Judge James B. Todd (DE 72) to deny the defendant's motion to vacate or set aside his sentence under 28 U.S.C. § 2255 (DE 50). The petitioner has filed objections to the R & R. When objections are submitted to the Magistrate Judge's report, the district court judge reviews the record *de novo*. 28 U.S.C. § 636 (b)(1)(c). To the extent that the petitioner does not specifically object to the report and recommendation, the court concurs in the result recommended by the Magistrate Judge. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The court, having reviewed the record de novo in light of the objections and being otherwise sufficiently advised, will accept in part and reject in part the Magistrate Judge's Report and Recommendation.

**Background**

The petitioner pleaded guilty to possessing crack cocaine with an intent to

1

distribute.  On October 27, 2005, he was sentenced to one hundred months' imprisonment.  As part of his plea agreement, the petitioner waived his right to appeal or to collaterally attack his sentence. "It is well settled that a petitioner in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (citing *United States v. Ashe,* 47 F.3d 770, 775-76 (6th Cir. 1995)).  So long as it is informed and voluntary, such a waiver will bar the right to seek collateral relief, as in the form of a § 2255 motion attacking a conviction, sentence, or plea, including a claim based on ineffective assistance of counsel.  *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001) (holding "that plea-agreement waivers of § 2255 rights are generally enforceable," even when the § 2255 claim is "based on the claim of ineffective assistance of counsel").  After reviewing the record, including the plea agreement, the Magistrate Judge concluded that the petitioner knowingly and voluntarily waived his right to collaterally challenge his guilty plea, conviction, and sentence.  The petitioner does not specifically object to this finding; thus the court adopts the Magistrate Judge's finding that the defendant's waiver of his right to file a motion under § 2255 was knowing and voluntary.

The petitioner objects to the Magistrate Judge's conclusions (1) that the defendant's waiver set forth in his plea agreement barred him from raising any claims, including a claim of ineffective assistance of counsel; (2) that there was no

2

breach of the plea agreement; and (3) that the petitioner is precluded from claiming that his counsel was ineffective for failing to follow his instructions to file his direct appeal because such an appeal would have been barred and rejected by the Appeals Court. The court will look at each of these objections in turn.

### A. *Claim of Ineffective Assistance of Counsel during Pre-Plea Proceedings*

In his §2255 motion, the petitioner asserts that he received ineffective assistance of counsel in various respects, including claims that counsel failed to conduct a pretrial investigation, failed to subpoena certain witnesses, failed to properly advise him on the application of the Sentencing Guidelines, failed to hire an independent expert to examine the drugs, failed to challenge the legality of the search warrant, failed to challenge the credibility of the confidential informant, and failed to advise and inform him as to the true terms of the plea agreement. As a result of the alleged ineffectiveness of his counsel, the petitioner claims, his guilty plea was unknowingly and involuntarily entered because prior to his guilty plea his counsel misadvised him that he could still raise a claim of ineffective assistance of counsel. The petitioner claims that had he known this advice was incorrect, he would have sought a jury trial or at least sought to preserve an ineffective-assistance-of-counsel claim in his plea wavier.

The voluntariness of a plea and waiver can depend on whether they are the product of ineffective assistance of counsel. *In re Acosta*, 480 F.3d 421 (6th Cir. 2007). The court must determine whether the ineffective assistance tainted the

voluntariness of the plea or waiver agreement itself.  In light of the representations the petitioner made by signing his plea agreement and statements made during his rearraignment, the court finds the petitioner knowingly, intelligently, and voluntarily entered into a valid guilty plea.  For instance, although the petitioner claims his plea was involuntary because he relied on counsel's advice that the petitioner could still bring an ineffective assistance of counsel claim despite the plea waiver, this court specifically asked the petitioner during his rearraignment whether he was fully satisfied with the advice, representation, and counsel he had received from his attorney, to which the petitioner responded he was. DE 57 at 9:19-23.  This fact alone indicates the petitioner was satisfied with counsel at this point in the proceedings.  If the petitioner wanted to appeal the errors made by counsel prior to the plea proceedings, he should and could have voiced his dissatisfaction when prompted by this court.  Additionally, the court has carefully reviewed the provisions of the plea and the waiver of rights with the defendant.  The record clearly demonstrates that the petitioner's plea was knowing and voluntary.  During his sentencing, the petitioner admitted that he had read the plea agreement or had someone read it to him (*Id.* at 15:24-25, 16:1) and that he discussed the agreement with his attorney until he understood it (*Id*. at 16:2-4).  When the government explained the essential terms of the plea agreement "in words that a non-lawyer can understand," the government stated that the petitioner was waiving his right to appeal or to collaterally attack his guilty plea, conviction, or his

sentence. *Id.* at 20:19-22.  Moreover, when the court asked whether the petitioner voluntarily gave up his right to collaterally attack his guilty plea or his sentence, the petitioner said that he did. *Id.* at 23:16.  Finally, the petitioner agreed that his plea was voluntary. *Id.* at 25:9, 25:19.  This waiver effectively foreclosed his right to bring a § 2255 motion based on ineffective assistance of counsel.  Nonetheless, the court will also determine whether the alleged pre-plea ineffectiveness of counsel affected the petitioner's knowing and voluntary plea waiver.

To establish a guilty plea was involuntary as a result of ineffective assistance of counsel, the petitioner must demonstrate both (1) that counsel's "representation fell below an objective standard of reasonableness," and (2) that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).  The petitioner asserts that had his counsel informed him he could not raise such a claim, he "would not have plead guilty and would have had his jury trial or sought to preserve this claim in his plea waiver."  However, the petitioner has failed to demonstrate that the alleged erroneous advice fell below the objective standard of reasonableness, as required by the first part of the *Hill* test.  Further, the second prong of the *Hill* inquiry is based on the *Strickland v. Washington*, 466 U.S. 668 (1984) test, which requires a petitioner to demonstrate there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Hill,* 474 U.S. at 57-58.  Having stated he

was satisfied with counsel, and stating a sufficient factual basis for his plea,[1] the court finds the petitioner has failed to present sufficient evidence that his guilty plea was the result of ineffective assistance of counsel.

**B. Breach of Plea Agreement**

The petitioner filed a motion (DE 77) for this court to take judicial notice of *United States v. Swanberg*, 370 F.3d 622 (6th Cir. 2004), which the Magistrate Judge construed as a supplement to the defendant's objections to the R & R (DE 87). *Swanberg* involved a petitioner who was allowed to appeal, despite a plea waiver, in light of the fact that the government had actually breached the plea agreement. *Id.* at 627. The petitioner claims that his attorney erred by failing to directly appeal the government's breach of the plea agreement. Unlike *Swanberg*, the petitioner has not presented evidence that his plea agreement was actually breached by the government. Although the petitioner claims the government did not "debrief" him, there is evidence that the government made an attempt to speak with him. The defendant's attorney noted in his sentencing memorandum that the petitioner "declined the government's offer to earn a substantial assistance motion, because he knows that he will be going to prison, and is concerned for his wife's safety." DE 31 at 3. This indicates the government did provide the petitioner with the opportunity to provide substantial assistance and receive a reduction in his

---

[1] The petitioner stated during his rearraignment that he knowingly possessed crack cocaine on March 9, 2005, in Fayette County, Kentucky, for the purpose of selling it. DE 57 at 33:4-25; 34:1-17.

6

sentence.  The petitioner may not now assert the government failed to "debrief" him, when he chose not to speak with the government to earn a substantial assistance motion.[2]  Additionally, the petitioner acknowledged during his rearraignment that he understood that the filing of a motion for downward departure was contingent upon his cooperation with the United States and that the filing of the motion was solely within the discretion of the government.  DE 57 at 21-23.

In support of his claim that the government breached the plea agreement by failing to "debrief" him, the petitioner cites *United States v. Harris*, 473 F.3d 222 (2006).  In *Harris,* the plea agreement contained an immunity provision where the government agreed not to file additional charges based on activities occurring prior to the date of the Information and as to which Harris gave testimony and statements.  *Id.*  After Harris pleaded guilty, he was indicted on charges which may not have resulted had the petitioner been debriefed.  The petitioner's reliance on

---

[2]The court notes that the petitioner argues in his supplemental § 2255 motion that he "was never told by counsel that the government was seeking to debrief him."  DE 71. The petitioner contends his attorney requested him to "tell on some people," which the petitioner did not want to do because he believed he would place his family in danger.  The petitioner further contends he would have been willing to speak with the government and tell his story concerning the events of his charge.  Because the petitioner and his co-defendant both pleaded guilty, the defendant's assertion that he would have been willing to tell the story of the events is of little help in determining whether such facts would have been substantial assistance.  Because the petitioner still states he would not have jeopardized his family by implicating others, it appears the statement by counsel that the petitioner would not cooperate was correct and, therefore, precludes the petitioner from arguing a breach by the government.

7

*Harris* is misplaced because although the *Harris* court found the government had a duty to debrief petitioner Harris, the court seemed more concerned with the fact that the failure to debrief resulted in a subsequent indictment and violation of the immunity provisions of the plea agreement. *Id.* at 226. In this case, the government has not subsequently charged the petitioner with criminal charges.

### C.  Claim of Ineffective Assistance of Counsel on Appeal

The petitioner also claims his counsel was ineffective for failing to follow his instructions to file a direct appeal. The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," U.S. Const. amend VI, which includes the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The law in the Sixth Circuit is clear that the "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment," regardless of whether the appeal would have been successful. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *see also Carrion v. United States,* 107 F. App'x 545 (6th Cir. 2004)(applying *Ludwig* to claim of ineffective assistance of counsel for failing to file appeal despite waiver). Counsel's failure to file an appeal "does not merely deprive the defendant of effective assistance of counsel, it deprives him of the assistance of counsel altogether." *Ludwig,* 162 F.3d at 459. As previously noted, the petitioner waived his right to appeal, which would suggest that an appeal taken by the petitioner would have

been unsuccessful. However, the court is not permitted to engage in such an analysis, because the petitioner's likelihood of success on appeal is not a factor in determining whether he received ineffective assistance of counsel, as the mere failure to file a notice of appeal when requested deprived the petitioner of the benefit of a lawyer's services in constructing potential appellate arguments. *Ludwig,* 162 F.3d 456. The defendant's request is still a critical element, as the "Constitution is only implicated when a petitioner actually requests an appeal, and his counsel disregards the request." *Id.* If such a request was made and counsel disregarded it, the petitioner would be entitled to a delayed appeal. *Id; see also United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007)("If the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver").

The court concludes that the issue of whether the petitioner timely requested his counsel to file a direct appeal cannot be resolved without an evidentiary hearing; thus the court will grant the defendant's request for an evidentiary hearing on his claim that his counsel failed to file his appeal as instructed. While a "petitioner has no absolute right to be represented by counsel on habeas corpus review," *Sellers v. United States*, 316 F. Supp. 2d 516 (E.D. Mich 2004), under Rule 8 of the *Rules Governing § 2255 Proceedings* "if an evidentiary hearing is warranted, the judge

must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Thus, the court will appoint counsel for the evidentiary hearing.

During that hearing, the court will also address the effect of the proposed sentence reduction in the defendant's case. The petitioner states in his affidavit that he specifically asked his attorney to file his appeal if he received a sentence greater than 87 months. DE 62. During his rearraignment the petitioner stated he anticipated a sentence of up to 84 months. DE 57 at 16:17-25, 17:1. Subsequent to the defendant's objections to the R & R, this court found the petitioner may be eligible for a sentence reduction under the retroactive application of the amendment to the Federal Sentencing Guidelines regarding cocaine base offenses. DE 85. This court stated it was inclined to grant a reduced sentence on its own motion and to sentence the petitioner to an 84-month term of incarceration instead of the 100-month sentence which was originally imposed. *Id.* In light of the fact that the petitioner desired his attorney to file an appeal if his sentence was greater than 87 months, and in light of the fact that the court has proposed a reduction in his sentence, the petitioner may no longer wish to pursue an appeal, even if the court finds that he timely requested his attorney to file such an appeal and is entitled to a delayed appeal.[3]

---

[3] Further, on March 26, 2008, the defendant filed a renewed motion for modification of his sentence pursuant to the recent retroactive application of the cocaine base. DE 91. Within that motion, the defendant states that the appointment of counsel would be helpful "in possibly reaching some sort of

**Conclusion**

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 72) is **ADOPTED IN PART** as the opinion of the court. Specifically, the court adopts the Magistrate Judge's findings of fact and his conclusions of law as to the waiver of the right to collaterally attack the conviction and sentence and the misadvice of counsel concerning the plea agreement.

**IT IS FURTHER ORDERED** that to the extent the petitioner claims that his right to effective assistance of counsel protected under the Sixth Amendment to the United States Constitution was violated during his guilty plea proceedings and sentencing proceedings, those claims are **DENIED** as the petitioner voluntarily waived his right to bring such challenges. Thus, the defendant's motion to vacate under § 2255 (DE 50) is **DENIED IN PART** and the amended and supplemented § 2255 motion (DE 68) is **DENIED**. The court will withhold entry of a final judgment until an evidentiary hearing is held on the final claim of ineffective assistance of counsel regarding the lack of direct appeal.

**IT IS FURTHER ORDERED** that the United States motion to dismiss the defendant's collateral attack (DE 60) is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the petitioner is entitled to an **EVIDENTIARY**

---

compromise whereby Defendant could dismiss his § 2255 proceedings." *Id.* On March 30, 2008, the defendant stated he agreed with the analysis of the United States Probation Office. DE 93.

**HEARING** on April 30, 2008, at 9:30 a.m., solely to determine whether counsel failed to file a requested appeal and whether the proposed reduction in the defendant's sentence alters the defendant's claim. The court appoints Pam Ledgewood to represent the petitioner for both the purposes of the § 2255 evidentiary hearing and the sentence reduction issues.  The court notes that Pam Ledgewood has already been appointed under the Criminal Justice Act for the purposes of the proposed sentence reduction.

**IT IS FURTHER ORDERED** that because the petitioner knowingly and voluntarily waived his right to file a § 2255 motion, reasonable-minded jurists could not disagree as to the reasoning or outcome of this matter; thus the court will not issue a certificate of appealability as to all issues with exception of the claim of ineffective assistance of counsel for failure to file an appeal which set for a hearing.

Signed on  April 21, 2008

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY